————o————

## No. 5778.

## CHAS. L. McKENZIE vs. R. P. DEE, ET AL.

### Syllabus.

1. All the recitals of a deed must be reconciled if it be possible to do so without doing violence to the words of the instrument and the obvious intention of the parties.

2. Custom sanctions in this community the use of both English and French linear measures; the former predominates in the newer surveys, the latter in the more ancient ones.

3. The French linear measure was established by the original settlers in this community and has never been abolished by law.

Appeal from the Civil District Court for the Parish of Orleans, Division "B," No. 97,782, Hon. F. D. King, Judge.

J. J. Prowell, for plaintiff and appellee.

Geo. Montgomery, for defendant and appellant.

His Honor JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

This is a petitory action, and since plaintiff must recover on the strength of his own title and not on the weakness of his adversary's, we shall not concern ourselves with the defects if any in the latter.

Defendants are in possession of and plaintiff seeks to recover, the rear portion (about 50 feet) of a portion of ground which plaintiff purchased from John E. Garrison under the following description, to-wit:

> "A portion of ground  *  *  *  in the square bounded by Napoleon, Solomon, St. Louis and Toulouse Streets  *  *  *  (which) said lot commences at a point 150 feet from the corner of Solomon Street and ends, at a point 150 feet from the corner of Napoleon Street, and measures 19 feet more or less front on Toulouse Street by about 150 feet deep between parallel lines; being the surplus of ground remaining of the one-half square acquired from A. J. Forstall, after deduction of the various lots sold to J. H. Wilson and others."

From the foregoing recitals of plaintiff's deed it appears that his author, Garrison, had already sold 150 feet front on Toulouse Street commencing at the corner of Napoleon Street, and 150 feet front on the same Toulouse Street commencing at the corner of Solomon Street. So that the question is whether there was any surplus left after those sales.

Now, according to his deed from Forstall, Garrison's purchase is described as a half square of ground measuring "300 feet" on Toulouse Street; and it is a fact that the exact measurement of the whole front on Toulouse Street, from Napoleon to Solomon Street, is just 319 feet, 8 inches, and 6 lines in English or (so-called) American Measure; being the exact equivalent of 300 feet in French Measure. So that it is clear that the reference in Garrison's deed of purchase was to **French Measure.**

And when Garrison sold to Wilson the land conveyed was described as being **one-quarter of a square** of ground measuring "150 feet" on Toulouse Street.

But the recitals of a deed must be reconciled if possible; and it is possible to reconcile the recitals of this deed by taking the dimensions as given in French Measure.

In doing so not the least violence is done to the words of the instrument or to the evident intention of the parties for it is obvious that Garrison intended to sell to Wilson one-half of what he had acquired from Forstall, and did so by a description which called with **absolute certainty** for one-half the quantity, and indicated with **reasonable certainly** that the land conveyed was to measure half of the original frontage on Toulouse Street.

So much for the intention of the parties, as to the words of the deed, it is well known that custom has long sanctioned in this community the use of either English or French linear measure; if the former predominates in the newer surveys, the latter also predominates in all the more ancient ones. Indeed if there can be any question as to the **legal** status of the French Measure, it might readily be shown that it was established by the original settlers in this community and has never been abolished **by law.**

The conveyance by Garrison to Wilson was clearly intended as French Measure, and the 150 feet in depth and

front on Toulouse Street ran from Napoleon Street to the very middle line of the square.

On the other side Garrison sold by reference to a plan which indicates with absolute certainty that the depth of 150 feet given by him to the lots facing on Solomon Street was in French Measure running to the very middle line of the square.

So that Garrison having previously sold the whole 300 feet (French Measure) on Toulouse Street had no surplus left which he could sell or plaintiff could acquire from him.

The judgment appealed from is correct.

Affirmed.

## Concurring Opinion.

By his Honor, EMILE GODCHAUX:

The controversy hinges upon the ownership of the rear portion of a strip of property fronting 19' 8" 6''' on Toulouse Street, and running through, in the form of a rectangle, to the half square division line.

I agree with my colleague that, in so far as the defendant, Dee, is concerned, the record is clear that by priority of purchase he acquired as against plaintiff that portion which he claims of the strip in controversy between them. But while I also agree with him in holding that Garrison sold to Wilson, prior to the date of plaintiff's purchase thereof from the former, that portion of the rear of the strip in which the other two defendants are concerned, I cannot concur in the view that this conclusion should be reached by seeking the intention of the parties to the deed from Garrison to Wilson and by them applying "French Measure" in fixing the extent and limits of the property therein conveyed.

In my judgment that deed is on its face wholly free from ambiguity, and there is consequently no justification for seeking intent and substituting a system of measurement different from that which the deed itself indicates should be employed. For by simply attributing to the exact language of each term of description in that deed the precise meaning it should and would ordinarily convey to one examining it upon the public records, the fact is established that the description is complete in itself and that Garrison thereby conveyed to Wilson that portion of the rear of the strip in which these defendants are interested.

Garrison owned a half square measuring 152, 7'' on Napoleon Street and on Solomon Street and embracing the whole frontage on Toulouse Street, the measurement of which was incorrectly recited in his deed of purchase as 300', when in fact it was 319' 8'' 6'''.

What he then sold to Wilson is described in the deed as follows:

One-quarter of a square of ground * * * measuring 150' front on Toulouse Street, by 152' 7'' depth and front on Napoleon Street.

That is, he sold one-half of the property he owned, the direction or bearing of three of the boundary lines being fixed, namely, Toulouse Street, Napoleon Street, and the division line of the half square. The deed gives the exact measurement of two of these boundaries, Napoleon and Toulouse Streets, and in my judgment, by designating the quantity or area of the property conveyed, just as effectually states and fixes the precise lineal extent of the third boundary—a designation equivalent to an express direction that its length should be such that the land embraced within the boundaries shall be equal to one-half of the vendor's property.

In accordance with this direction the length of this boundary would be fixed at 169' 8'' 6'''; and we then

— 211 --

have given by the deed the length and bearing of three of the four boundaries, that is, a description, perfect and complete in itself, of a quarter of a square measuring, as the deed requires, 150' on Toulouse Street, 152' 7" on Napoleon Street, and 169' 8" 6''' on the line dividing it from the adjacent half square. In fact it is difficult to conceive what terms could be employed to effect such a result more completely than is accomplished by the language of the deed itself.

The quarter-square as thus projected would cover that portion of the strip in which the other two defendants are interested, and consequently plaintiff could derive no title thereto by his subsequent purchase from Garrett.

For the foregoing reasons and to the extent stated, I concur in decree alone.

Opinion and decree, March 10th, 1913.

Rehearing refused, April 7th, 1913.